UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMINE ARTIGLIO,<br><br>    Petitioner,<br><br>vs.<br><br>STANLEY SNIFF, SHERIFF,<br><br>    Respondent. | CASE NO. SA CV 08-0555 CJC (RZ)<br><br>ORDER TO SHOW CAUSE |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). (The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; and the date on which the factual predicate for the claims could have been discovered. 28 U.S.C. § 2244(d)(1).) The time spent in state court pursuing collateral

relief is excluded, 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

      The current petition was filed on May 19, 2008. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On January 11, 2002, Petitioner pleaded guilty to one count of indecent exposure in violation of CAL. PENAL CODE § 314(1).

(b) Petitioner did not appeal, and therefore his conviction became final 60 days later on March 12, 2002, when the deadline for doing so expired. *See* former CAL. R. CT. 30.1(a) (now 8.308).

(c) On approximately July 29, 2002, Petitioner petitioned the trial court for a writ of coram nobis, claiming that his trial counsel did not merely fail to inform Petitioner's guilty plea would subject him to sex-offender-registration requirements, but affirmatively advised him that Petitioner would *not* have to register if he pleaded guilty. The trial court rejected relief on September 18, 2002.

(d) Two years passed. Starting on October 28, 2004, Petitioner filed a series of unsuccessful challenges to his conviction in the trial court, the trial court's Appellate Division, the California Court of Appeal and ultimately the California Supreme Court. The state supreme court denied his final post-conviction challenge on May 23, 2007.

      By the time Petitioner filed this action in May 2008, his limitations period would appear to have expired, largely due to the two-year period from September 2002 through October 2004 during which Petitioner had no pending challenges to his conviction or sentence. The foregoing information suggests that his limitations period ended no later than mid-September of 2003, one year after the trial court denied his first coram nobis petition. Petitioner's post-expiration commencement of state-habeas challenges to his conviction – starting over a year later, in October 2004 – would not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

1       Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

      This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the stamped filing date of this Order.

      If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

      IT IS SO ORDERED.

      DATED: May 22, 2008

                                  RALPH ZAREFSKY
                         UNITED STATES MAGISTRATE JUDGE